E-FILED
Wednesday, 10 March, 2021 04:19:57 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 20-1421-MMM |
| | ) |
| ROB JEFFREYS, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging that he has unreasonably been exposed to a risk of contracting COVID-19 at the Pontiac Correctional Center ("Pontiac"). The complaint is now before the Court for purposes of a merit review. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff pleads that on or about September 13, 2020, ten inmates in the South Cell house where he is held contracted COVID-19. Plaintiff claims that the infections were transmitted by staff, asserting that contact tracing had identified 18 staff members who tested positive or who had been exposed to COVID-19. Despite this, these staff members were allowed into the facility to work. Plaintiff alleges that the ten infected inmates were initially removed, but, on September 18, 2020, returned to the South Cell house, still exhibiting signs of infection.

Plaintiff also claims that staff do not consistently wear masks wear masks and that social distancing is not observed. He complains that there is little ventilation in the South Cell house and that the air contains dust, hair and airborne COVID-19 virus particles. He also complains of a lack of adequate cleaning products and alleges that staff does not regularly sweep the galleries; and that the showers, bars, rails, doorknobs, tables, and chairs are not routinely cleaned and sanitized.

Plaintiff does not allege to have exhibited any signs of COVID-19 infection, but, nonetheless, asked to be tested. This test was refused by Nurse Tracy who has not been named as a party. Plaintiff alleges that Defendants Jeffreys and Jackson have failed in their legal responsibility to provide healthy and safe living conditions by returning symptomatic COVID-19 inmates to the South Cellhouse, not adequately overseeing staff and not providing for adequate cleaning and sanitization. While Plaintiff has apparently not not been infected, he alleges that he is in fear that he will be infected and consequently suffer great bodily harm and even death. Plaintiff claims that his COVID related fears have caused him to lose sleep, lose weight, experience headaches, discomfort and paranoia.

Plaintiff names Defendant Tilden, directing no specific allegations against him, asserting only that Defendant is responsible for the health and safety of the inmates. Plaintiff requests declaratory relief, that he be transferred to an outside hospital for COVID testing; and that he undergo testing of his lungs, heart, kidneys and other vital organs. Plaintiff also requests compensatory and punitive damages, fees, and costs.

## ANALYSIS

Plaintiff's complaint is viewed as alleging unconstitutional conditions of confinement. Inhumane conditions of confinement may constitute "cruel and unusual punishments" which

2

violate the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). To successfully allege deliberate indifference to inhumane conditions of confinement, a plaintiff must establish both an objective and a subjective component. To establish the objective component, the pleadings must identify deprivations which were 'objectively, sufficiently serious…' and that 'the prison official's act or omission resulted in the denial of the minimal civilized measure of life's necessities.'" *Staggs v. Hollenbeck*, 248 F.3d 1159 (7th Cir. 2000) (internal citation omitted). To establish the subjective component, a plaintiff must show that a defendant was deliberately indifferent, "that the official knew about the risk of harm, had the ability to prevent the harm, and failed to do so." *Williams v. Schmidt*, No. 14-487, 2019 WL 1046167, at *1 (W.D. Wis. Mar. 5, 2019) citing *Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009).

It has been recognized the prison officials' failure to consistently were masks and failure to adhere to social distancing does not satisfy either the subjective or objective component necessary for deliberate indifference. *See Mayfield v. Peissig*, No. 20- 269, 2020 WL 3414757, at *1 (W.D. Wis. June 22, 2020). "In sum, plaintiff's general allegations about a lack of social distancing and inconsistent mask use at the prison do not suggest that the conditions of plaintiff's confinement are inhumane or that defendants are acting with deliberate indifference to a significant risk of harm to plaintiff's health or safety." *See also*, *Wragg v. Ortiz*, 462 F. Supp. 3d 476, 506, 509 (D.N.J. 2020) (denying injunctive relief requesting inmate COVID testing and social distancing).

Even if Plaintiff's pleadings satisfied the objective component, it fails to satisfy the subjective. For a defendant to subjectively have a culpable state of mind, he must have had "*actual* knowledge of *impending* harm *easily* preventable." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (emphasis in original). Here, Plaintiff does not allege that any Defendant acted

3

with the requisite intent, that they could have easily prevented the harm but failed to do so. It is recognized that the COVID-19 pandemic is currently raging throughout the country despite the many efforts to contain it. Allegations that the prison Warden has been unable to contain the transmission of the virus, without more, does not plead deliberate indifference. *See Williams,* 2019 WL 1046167, at *1 (defendant must have had the ability but failed to prevent the harm.) *See also*, *McGill v. Duckworth*, 944 F.2d 344, 348–49 (7th Cir. 1991), *overruled on other grounds by Farmer v. Brennan*, 511 U.S. 825, 837 (1994). There, it was held that plaintiff could not "tax employees of the prison system with the effects of circumstances beyond their control." *McGill,* 944 F.2d at 349. Plaintiff offers nothing to support that the harm here could have been easily prevented. "If the harm is remote rather than immediate, or the officials don't know about it or can't do anything about it, the subjective component is not established and the suit fails." *Jackson*, 955 F.2d at 22.

In addition, Plaintiff may not recover compensatory damages in a § 1983 action, where he has not alleged a physical injury. *See Gibson v. Paquin,* 590 Fed.Appx. 635, 637 (7th Cir. 2015) (plaintiff could not recover compensatory damages for allegedly unconstitutional conditions where he failed to allege a physical injury), citing 42 U.S.C. § 1997e(e). *See also*, *Henderson v. Sheahan*, 196 F.3d 839, 848-49 (7th Cir. 1999) citing *Babcock* v. White, 102 F.3d 267, 272–73 (7th Cir. 1996) ("suggesting that while a plaintiff may recover monetary damages under the Eighth Amendment for 'failure to prevent harm,' the plaintiff is not entitled to monetary compensation for the mere 'failure to prevent exposure to [a] risk of harm.'")

**IT IS THEREFORE ORDERED:**

1)  Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile as

Plaintiff cannot state a constitutional violation under this set of facts. This case is closed, and all pending matters are VACATED. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

    2)    Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

    3)    If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

  3/10/2021  
ENTERED

                                  s/Michael M. Mihm  
                                  MICHAEL M. MIHM  
                          UNITED STATES DISTRICT JUDGE